**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KRISTOPHER MICHAEL DARMER,** | ) | |
| **As representative of the Estate of** | ) | |
| **Stephanie Darmer,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 4:22cv01196** |
| **THE LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") files this Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Kristopher Michael Darmer ("Plaintiff"), and states as follows:

1. Lincoln admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits it issued a Group Long-Term Disability Insurance Policy numbered 000010222630 (the "LTD Policy") to Mirand Response Systems, Inc. ("Mirand") which Policy, at certain times, insured benefits paid by the Mirand Response Systems, Inc. Long Term Disability Plan ("the LTD Plan") sponsored by Mirand, to provide certain benefits to participating, eligible employees of Mirand. Lincoln admits, upon information and belief, that Plaintiff's spouse, Stephanie Darmer (the "Decedent") died on or about July 14, 2021. Lincoln is without sufficient information regarding the beneficiaries of Decedent's Estate, and accordingly denies that Plaintiff is a beneficiary to Decedent's benefits from the LTD Plan under the LTD Policy. Lincoln admits

that Decedent[1] was, at certain times, employed by Mirand and a participant in the LTD Plan, but denies that Decedent submitted a claim for benefits from the LTD Plan under the LTD Policy. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 1 of the Complaint.

## PARTIES

2.  Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence or Decedent's residence at the time of her death, and accordingly, denies this allegation.

3.  Lincoln admits the allegations contained in Paragraph 3 of the Complaint.

4.  Lincoln admits it issued the LTD Policy to Mirand which Policy, at certain times, insured benefits paid by the LTD Plan.  To the extent that the "disability plan at issue" referred to in Paragraph 4 of the Complaint is referring to the Mirand Response Systems, Inc. Short Term Disability Plan (the "STD Plan"), Lincoln admits that it issued a Group Weekly Disability Income Insurance Policy numbered 000010222633 (the "STD Policy") to Mirand, which Policy, at certain times, insured benefits paid by the STD Plan sponsored by Mirand, to provide certain benefits to participating, eligible employees of Mirand.  Lincoln denies it was the plan administrator of the LTD Plan or the STD Plan and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.  Lincoln admits the allegations contained in Paragraph 5 of the Complaint.

---

[1]     Lincoln denies that Plaintiff was employed by Mirand or a participant in any benefit plans sponsored by Mirand. However, Lincoln assumes that "Plaintiff" was a cut-and-paste error in the last sentence of Paragraph 1 of the Complaint and that the allegations in that sentence and throughout the remainder of the Complaint are meant to refer to the Decedent, rather than the Plaintiff, as an employee of Mirand and a participant in the benefit plans sponsored by Mirand.  Accordingly, Lincoln responds to the allegations of the Complaint under this assumption.

## JURISDICTION AND VENUE

6. Lincoln admits that Decedent's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 7 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Lincoln admits that Decedent was, at certain times, a participant in the LTD Plan. Lincoln admits it issued the LTD Policy to Mirand, which Policy, at certain times, insured benefits paid by the LTD Plan, but denies that 000010222633 is the correct number of the LTD Policy. To the extend this allegation was meant to refer to the STD Policy, Lincoln admits that 000010222633 is the correct number of the STD Policy. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Decedent was, at certain times, employed by Mirand and a participant in the LTD Plan and STD Plan. Lincoln admits it issued the LTD Policy and the STD Policy to Mirand each with an effective date of December 1, 2016, which Policies, at certain times, insured benefits paid by the LTD Plan and the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits it issued the LTD Policy and the STD Policy to Mirand each with an effective date of December 1, 2016, which Policies, at certain times, insured benefits paid by the LTD Plan and the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.     Lincoln admits it issued the LTD Policy and the STD Policy to Mirand, which Policies, at certain times, insured benefits paid by the LTD Plan and the STD Plan under the terms of the respective Policies.  Lincoln admits that it was, at certain times, the claim administrator for Decedent's claim for benefits from the STD Plan under the STD Policy that is the subject of the above-styled action and that Plaintiff's claims in the Complaint are governed by ERISA.  Lincoln admits that it was, at certain times, the claim administrator for claims for benefits from the LTD Plan under the LTD Policy, but denies that Decedent or Plaintiff submitted a claim for benefits from the LTD Plan.  Lincoln denies it was the plan administrator of the LTD Plan or the STD Plan and denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.     To the extent that Paragraph 12 contains legal conclusions, Lincoln is not required to answer.  Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.     To the extent that Paragraph 13 contains legal conclusions, Lincoln is not required to answer.  Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.     To the extent that Paragraph 14 contains legal conclusions, Lincoln is not required to answer.  Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.     Lincoln admits it issued the STD Policy to Mirand, which Policy, at certain times, insured benefits paid by the STD Plan under the terms of the STD Policy.  Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16.     Lincoln admits it issued the STD Policy to Mirand, which Policy, at certain times, insured benefits paid by the STD Plan under the terms of the STD Policy.  Lincoln admits that it was, at certain times, the claim administrator for Decedent's claim for benefits from the STD Plan under the STD Policy that is the subject of the above-styled action.  Lincoln denies it was the plan

administrator of the STD Plan and denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits it issued the STD Policy to Mirand, which Policy, at certain times, insured benefits paid by the STD Plan under the terms of the STD Policy. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that its decision on Decedent's claim for benefits from the STD Plan under the STD Policy is the subject of the Complaint. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

### STANDARD OF REVIEW

19. To the extent that Paragraph 19 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. To the extent that Paragraph 20 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. To the extent that Paragraph 21 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. To the extent that Paragraph 22 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. To the extent that Paragraph 23 contains legal conclusions, Lincoln is not required to answer Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. To the extent that Paragraph 24 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. To the extent that Paragraph 27 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. To the extent that Paragraph 28 contains legal conclusions, Lincoln is not required to answer. To the extent Decedent attempts to interpret the STD Policy, Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. To the extent that Paragraph 29 contains legal conclusions, Lincoln is not required to answer Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. To the extent that Paragraph 30 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. To the extent that Paragraph 31 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. To the extent that Paragraph 32 contains legal conclusions, Lincoln is not required to answer. To the extent Plaintiff attempts to interpret the STD Policy, Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. To the extent that Paragraph 33 contains legal conclusions, Lincoln is not required to answer. To the extent Plaintiff attempts to interpret the STD Policy, Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. To the extent that Paragraph 34 contains legal conclusions, Lincoln is not required to answer. To the extent Plaintiff attempts to interpret the STD Policy, Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

## ADMINISTRATIVE APPEAL

35. Upon information and belief, Lincoln admits the allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits Decedent was, at certain times, employed by Mirand as a Director of Finance. Lincoln admits that documents containing information concerning Decedent's date of birth are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Decedent's claim for benefits from the STD Plan, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Lincoln refers to that document itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that certain documents concerning Decedent's job description at Mirand and her occupation are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln

refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits Decedent's last day at work at Mirand was December 13, 2019. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits Decedent's last day at work at Mirand was December 13, 2019. Lincoln admits that by this action, Plaintiff is seeking recovery of Decedent's disability benefits from the STD Plan, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits the STD Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan, and Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits Decedent submitted a claim for short-term disability benefits from the STD Plan sponsored by Mirand. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits it sent a letter to Decedent dated March 5, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits the STD Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan,

and Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits the STD Policy includes language pertaining to the definition of "Own Occupation" or "Regular Occupation" as applicable to a participant's claim for benefits from the STD Plan, and Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits the STD Policy includes language pertaining to the definition of "Any Occupation" as applicable to a participant's claim for benefits from the STD Plan, and Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln denies that it received, considered, or rendered a decision on, a claim for benefits by Decedent from the LTD Plan under the LTD Policy, and accordingly, denies the allegations contained in Paragraph 46 of the Complaint.

47. To the extent Plaintiff attempts to interpret the STD Policy, Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln admits that certain documents concerning Decedent's earnings are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the STD Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for benefits from the STD Plan, and Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits it sent a letter to Decedent dated March 5, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits it sent a letter to Decedent dated March 5, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits it sent a letter to Decedent dated March 5, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits it sent a letter to Decedent dated March 5, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits it received a first level appeal letter dated September 1, 2020, of the denial of Decedent's claim for benefits from the STD Plan, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits it received first level and second level appeals of the denial of Decedent's claim for benefits from the STD Plan, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record

itself as the best evidence of its contents. Lincoln admits it received first level and second level appeals of the denial of Decedent's claim for benefits from the STD Plan, along with additional documentation, which is contained in the administrative record, and Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln admits the STD Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan, and Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55.     Lincoln admits that certain documents concerning Decedent's claim for benefits from the Social Security Administration are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56.     Lincoln admits that certain documents concerning Decedent's claim for benefits from the Social Security Administration are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57.     Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln admits that medical reviews are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln admits that medical reviews are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln admits that nurse reviews are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Lincoln admits that nurse reviews are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln admits that nurse reviews are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln admits that medical reviews, nurse reviews, and occupational analysis/vocational reviews are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln

refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln admits it sent letters to Decedent's counsel dated February 4, 2021, and October 28, 2021, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln admits it sent letters to Decedent's counsel dated February 4, 2021, and October 28, 2021, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln admits it sent a letter to Decedent's counsel dated October 28, 2021, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. To the extent Decedent attempts to interpret the STD Policy, Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln admits only that its decisions on Decedent's claim for benefits from the STD Plan under the STD Policy were based on the administrative record regarding Decedent's claim for benefits from the STD Plan and that such decisions are governed by the terms of the STD Policy. Lincoln denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Lincoln admits only that its decisions on Decedent's claim for benefits from the STD Plan under the STD Policy were based on the administrative record regarding Decedent's claim for benefits from the STD Plan and that such decisions are governed by the terms of the STD Policy. Lincoln denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. Lincoln admits only that its decisions on Decedent's claim for benefits from the STD Plan under the STD Policy were based on the administrative record regarding Decedent's claim for benefits from the STD Plan and that such decisions are governed by the terms of the STD Policy. Lincoln denies all remaining allegations contained in Paragraph 70 of the Complaint.

71. Lincoln admits that Decedent exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Decedent's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the STD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Decedent regarding any specific claims, issues, or rationales that Decedent may have failed to raise in support of Decedent's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 71 of the Complaint.

## MEDICAL FACTS

72. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 72 of the Complaint.

73. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 73 of the Complaint.

74. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 74 of the Complaint.

75. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 75 of the Complaint.

76. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that medical reviews, nurse reviews, and occupational analysis/vocational reviews are contained in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 76 of the Complaint.

77. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 77 of the Complaint.

78. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 78 of the Complaint.

79. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 79 of the Complaint.

80. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 80 of the Complaint.

81. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 81 of the Complaint.

82. Lincoln admits that certain medical treatment and complaints of Decedent are reflected in the administrative record upon which Decedent's claim for benefits from the STD Plan under the STD Policy was evaluated by Lincoln, and Lincoln refers to the administrative record

itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 82 of the Complaint.

83. Lincoln admits the STD Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan, and Lincoln refers to the STD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 83 of the Complaint.

84. Lincoln admits that Decedent exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Decedent's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the STD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Decedent regarding any specific claims, issues, or rationales that Decedent may have failed to raise in support of Decedent's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 84 of the Complaint.

85. Lincoln admits it issued the STD Policy to Mirand, which Policy, at certain times, insured benefits paid by the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 85 of the Complaint.

86. Lincoln denies all allegations contained in Paragraph 86 of the Complaint.

87. Lincoln denies all allegations contained in Paragraph 87 of the Complaint.

88. Lincoln admits that medical reviews are contained in the administrative record regarding Decedent's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 88 of the Complaint.

89.     Lincoln admits that medical reviews are contained in the administrative record regarding Decedent's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 89 of the Complaint.

90.     Lincoln admits that medical reviews are contained in the administrative record regarding Decedent's claim for benefits from the STD Plan under the STD Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 90 of the Complaint.

91.     Lincoln denies all allegations contained in Paragraph 91 of the Complaint.

92.     Lincoln denies all allegations contained in Paragraph 92 of the Complaint.

## COUNT I:

93.     Lincoln incorporates its responses to Paragraphs 1-92 by reference as if fully set forth herein.

94.     Lincoln denies all allegations contained in Paragraphs 94 and 94 a-d of the Complaint.

## COUNT II:

95.     Lincoln incorporates its responses to Paragraphs 1-94 by reference as if fully set forth herein.

96.     Lincoln denies all allegations contained in Paragraph 96 of the Complaint.

97.     Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Decedent's claim for benefits from the STD Plan under the STD Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of Decedent's benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the STD Policy and the documents governing the STD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Decedent received or Decedent's dependents receive from the Social Security Administration.

4. Plaintiff and Decedent have failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff or Decedent failed to raise in support of Decedent's claim or during the administrative review process.

5. Plaintiff and Decedent have failed to satisfy conditions precedent with regard to claims for waiver of premium for life insurance benefits, LTD benefits from the Plan, or benefits from any life insurance plan. Specifically, Plaintiff and Decedent have failed to submit a claim for such benefits.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the STD Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

<strong><u>PRAYER</u></strong>

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 19th day of May 2022.

Respectfully submitted,

By:  /s/ Iwana Rademaekers
     Iwana Rademaekers, Attorney in Charge
     State Bar of Texas No. 16452560
     S.D. of Texas No. 22781
     LAW OFFICES OF IWANA RADEMAEKERS, P.C.
     17304 Preston Road, Suite 800
     Dallas, Texas 75252
     Main:  (214) 579-9319
     Fax:  (469) 444-6456
     Email:  iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

       I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Marc S. Whitehead
Email: marc@marcwhitehead.com

J. Anthony Vessel
Email: anthony@marcwhitehead.com

Britney Anne Heath McDonald
Email: britney@marcwhitehead.com

Madison Tate Donaldson
Email:  madison@marcwhitehead.com

Selina Valdez
Email:  selina@marcwhitehead.com


  May 19, 2022                            /s/ Iwana Rademaekers
Date                                        Iwana Rademaekers